**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MARLENE "MOLLY" LAMPHIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 24-cv-04853** |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | **Judge Joan H. Lefkow** |
| Defendant. | ) | **Magistrate Judge Maria Valdez** |

**PLAINTIFF'S AMENDED MOTION FOR LEAVE
TO FILE A SECOND AMENDED VERIFIED COMPLAINT**

Plaintiff, Marlene "Molly" Lamphier ("Plaintiff"), through her attorney, Brianna L. Golan of Golan Christie Taglia LLP, appointed counsel pursuant to District Court's Local Rules 83.11(h) and 83.37, respectfully moves this Honorable Court for leave to file a Second Amended Complaint against Defendant, Bank of America, N.A. ("Defendant"), stating as follows:

1.      On June 11, 2024, Plaintiff initiated this action against Defendant.

2.      Plaintiff hereby seeks leave to file a Second Amended Complaint in this matter. A copy of the proposed complaint is attached as **Exhibit A**.

3.      Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading with the Court's leave, and such leave should be freely given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962)(ruling that absent factors such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, prejudice to the opposing party, or futility, leave to amend should be freely given).

4.      Plaintiff seeks leave to amend her complaint due to her recent discovery of inconsistencies with Defendant's payment practices that resulted in her Wage and Tax Statement

1

Form W-2s to contain incorrect information and that Defendant had failed to pay her all monies owed.

5.     Allowing Plaintiff to amend her complaint will ensure that all relevant issues are properly addressed and that the Court can adjudicate the matter fully and fairly. The amendments to the complaint are made in good faith and are not intended to cause undue delay or prejudice to the Defendant.

6.     During a court appearance on April 8, 2026, Plaintiff's counsel advised Magistrate Judge Valdez and Defendant's counsel that she intended to amend the complaint.

WHEREFORE, Plaintiff, Marlene "Molly" Lamphier, respectfully requests that this Court grant its Amended Motion for Leave to File a Second Amended Complaint and grant such other relief as the Court deems just and proper.

Dated: April 9, 2026                                    Respectfully submitted,

                                                       MARLENE LAMPHIER
                                                       Plaintiff.

                                        By:     _/s/ Brianna L. Golan_____
                                                       One of her attorneys


Brianna L. Golan, Esq. (#6299871)
GOLAN CHRISTIE TAGLIA LLP
70 W. Madison St., Ste. 1500
Chicago, Illinois 60602
blgolan@gct.law
(312) 263-2300

2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MARLENE "MOLLY" LAMPHIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-04853 |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | Judge Joan H. Lefkow |
| Defendant. | ) | Magistrate Judge Maria Valdez |

**SECOND AMENDED COMPLAINT**

Plaintiff, Marlene "Molly" Lamphier ("Plaintiff"), through her attorney, Brianna L. Golan of Golan Christie Taglia LLP, appointed counsel pursuant to the District Court's Local Rules 83.11(h) and 83.37, as her Second Amended Complaint against Bank of America, N.A. ("Defendant"), states as follows:

**NATURE OF THE ACTION**

This is an action for discrimination on the basis of disability, gender, age, and retaliation pursuant the Illinois Human Rights Act, 775 ILCS 5/1–101 *et seq.* ("IHRA"), Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq* .("Title VII"), the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"). This action is also brought pursuant to the Internal Revenue Code, 26 U.S.C.A. §7434, Fair Labor Standards Act 29 U.S.C. §203, *et. seq.* ("FLSA"), and Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et. seq. ("IWPCA") ,

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §1331.

2. Venue is proper because the Defendant conducts business in the Northern District of Illinois and the acts giving rise to this action occurred therein.

1

3.      Plaintiff is a resident of Elburn, Illinois. The Plaintiff began working for the Defendant on or about February 16, 2016, as a mortgage loan officer. In September 2017, she was promoted to a Wealth Management Banking Specialist position with the Merrill Wealth Management group.

4.      Defendant Bank of America, N.A. ("Defendant") is a national banking association headquartered in Charlotte, North Carolina with locations throughout the Chicago metropolitan area.

5.      The Complainant filed charges of discrimination with the EEOC and Illinois Department of Human Rights (EEOC Case Numbers 440-2022-06818 and 440-2024-07581; IDHR Case No. 2024CR1538) beginning on or about December 30, 2022. On March 14, 2024, the EEOC issued its right to sue letter in case no. 440-2022-06818. On May 2, 2024, the EEOC issued its right to sue letter in case no. 440-2024-07581. On May 22, 2024, the IDHR issued its "Notice of Dismissal and Closure" regarding these cases. This case is brought within 90 days of the Plaintiff's receipt of the first EEOC dismissal.

6.      Since June 11, 2024, Plaintiff filed another charge of discrimination with the EEOC (EEOC Case Number 440-2025-03617) for Defendant's additional retaliatory conduct occurring after Plaintiff brought this case. On February 18, 2025, the EEOC issued its right to sue letter in Case No. 440-2025-03617. On February 25, 2025, Plaintiff amended this complaint, which was with 90 days of receipt of the EEOC's right to sue letter.

## BACKGROUND

7.      Plaintiff is a female who was born in 1969. In 2007, she was involved in an auto accident which resulted in various conditions that affect her ability to take part in major life

2

activities. These various conditions constitute disabilities pursuant to the Americans with Disabilities Act and the Illinois Human Rights Act.

8. At all relevant times, Defendant has been aware of Plaintiff's age. The Defendant is also aware of the Plaintiff's disabilities as she disclosed them to various members of management and Human Resources in her attempt to obtain reasonable accommodations.

9. Since approximately September 2021, the Plaintiff has been subjected to harassment on the basis of her gender and disability. She has requested accommodations for her disabilities at various times, but those were delayed or denied. She was also denied two promotions: to a position of "Client Relationship Manager" and the other to a "Treasury" position.

10. In one particular instance of harassment, on or around June 24, 2022, her then supervisor, James Holmes, set up a Webex meeting with the Plaintiff to purportedly talk to her about her metrics. Once the Plaintiff joined the call, Holmes began questioning her about her disabilities and mocking her need for accommodations. He coerced her into disclosing her confidential medical conditions and providing him with her medical documents, telling her that he was the only one that could agree to accommodate her. Toward the end of the call, the Plaintiff realized that someone else (Ciro Stefano) was on the line who had not previously been disclosed and had heard the entire confidential conversation about her medical conditions without her knowledge. She complained to human resources about the incident, and they notified Holmes but failed to take any meaningful action.

11. On Friday, September 2, 2022, after work hours, Holmes appeared at the Plaintiff's home unannounced. He brought a used computer monitor with a large crack in it. When the Plaintiff opened the door, Homes shoved the broken monitor into her arms and said,

3

"we are not going to talk about the incident anymore, got it!" Human Resources subsequently told Holmes not to interact with the Plaintiff.

12. Subsequently, the harassment continued in other forms. As a result of the harassment, failure to accommodate, and refusal to grant the Plaintiff's applications for short term disability or access to her 401k savings among other actions, the Plaintiff had no choice but to terminate her employment with the Defendant on March 22, 2024, and was therefore constructively discharged.

13. While employed by Defendant, she received earnings from three different entities: (1) Merrill Lynch (EIN ending in 4085); (2) Bank of America (EIN ending in 4580); and (3) Bank of America (EIN ending in 7665). Upon information and belief, Merrill Lynch is a wholly owned subsidiary of Defendant.

14. Upon information and belief, these entities willfully and recklessly provided Plaintiff with falsified Wage and Tax Statements (the "W2 Forms") and paystubs for the 2020, 2021, 2022, 2023, and 2024 tax years. The W2 Forms provided would reflect that no state and/or federal taxes had been withheld while Plaintiff's paystubs reflected that there had been withholdings. In addition, the W2 Forms underreported Plaintiff's income. The falsified information will result in Plaintiff incurring IRS penalties and fines.

15. Defendant has also failed to pay all monies earned and owed to her during the course of her employment.

### COUNT I – DISABILITY DISCRIMINATION PURSUANT TO THE ADA

16. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth in this Count I.

17. The Plaintiff is a member of a protected class.

4

18. The Plaintiff was meeting the Defendant's legitimate expectations.

19. The Plaintiff was denied accommodations, or the defendant delayed the granting of accommodations, she was harassed because of her disabilities, denied promotions, and forced to resign.

20. Individuals outside of the Plaintiff's protected class were not subjected to the same adverse actions.

21. Defendant's proffered reasons for its actions are a pretext for discrimination.

22. The Defendant's conduct constitutes a violation of the ADA.

23. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and substantial damages.

### COUNT II – DISABILITY DISCRIMINATION
### PURSUANT TO THE IHRA

24. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth in this Count II.

25. The Plaintiff is a member of a protected class.

26. The Plaintiff was meeting the Defendant's legitimate expectations.

27. The Plaintiff was denied accommodations, or the defendant delayed the granting of accommodations, she was harassed because of her disabilities, denied promotions, and forced to resign.

28. Individuals outside of the Plaintiff's protected class were not subjected to the same adverse actions.

29. Defendant's proffered reasons for its actions are a pretext for discrimination.

30. The Defendant's actions constitute a violation of the IHRA.

31. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and substantial damages.

## COUNT III – GENDER DISCRIMINATION PURSUANT TO TITLE VII

32. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth in this Count III.

33. The Plaintiff is a member of a protected class.

34. The Plaintiff was meeting the Defendant's legitimate expectations.

35. The Plaintiff was subject to harassment, denied promotions, and forced to resign.

36. Individuals outside of the Plaintiff's protected class were not subjected to the same adverse actions.

37. Defendant's proffered reasons for its actions are a pretext for discrimination.

38. The Defendant's actions constitute a violation of Title VII.

39. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and substantial damages.

## COUNT IV – GENDER DISCRIMINATION PURSUANT TO IHRA

40. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth in this Count IV.

41. The Plaintiff is a member of a protected class.

42. The Plaintiff was meeting the Defendant's legitimate expectations.

43. The Plaintiff was subject to harassment, denied promotions, and forced to resign.

44. Individuals outside of the Plaintiff's protected class were not subjected to the same adverse actions.

45. Defendant's proffered reasons for its actions are a pretext for discrimination.

46.     The Defendant's actions constitute a violation of the IHRA.

47.     As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and substantial damages.

### COUNT V – AGE DISCRIMINATION UNDER THE ADEA

48.     Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth in this Count V.

49.     Plaintiff is a member of a protected class.

50.     Plaintiff was meeting Defendant's legitimate expectations.

51.     The Plaintiff was subject to harassment and forced to resign because of her Age.

52.     Individuals outside of Plaintiff's protected group were not subjected to the same adverse employment actions based on their age.

53.     Defendant's proffered reasons for its actions are pretext for discrimination.

54.     The Defendant's actions constitute a violation of the ADEA.

55.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

### COUNT VI – AGE DISCRIMINATION UNDER THE IHRA

56.     Plaintiff reasserts the allegations in paragraphs 1-14 as if fully set forth in this Count VI.

57.     Plaintiff is a member of a protected class.

58.     Plaintiff was meeting Defendant's legitimate expectations.

59.     The Plaintiff was subject to harassment and forced to resign because of her age.

60.     Individuals outside of Plaintiff's protected group were not subjected to the same adverse employment actions based on their age.

7

61. Defendant's proffered reasons for its actions are pretext for discrimination.

62. The Defendant's actions constitute a violation of the IHRA.

63. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

## COUNT VII – RETALIATION

64. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth in this Count VII.

65. Plaintiff engaged in protected activity under the ADA, Title VII, the ADEA, and the Illinois Human Rights Act when she complained about gender, disability, and age discrimination both internally and to the EEOC and Illinois Department of Human Rights.

66. In retaliation, Plaintiff was subjected to further harassment, failure or delays in being accommodated, failure to promote, and constructive discharge. Additionally, Defendant wrongfully froze bank accounts she had with Defendant, resulting in her being unable to access her money.

67. Defendant took the aforementioned adverse actions due to her protected Activity.

68. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

## COUNT VIII – WILLFULL AND RECKLESS FILING OF FRAUDULENT INFORMATION RETURN IN VIOLATION OF INTERNAL REVENUE CODE

69. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth herein.

70. As Plaintiff's employer, Defendant was obligated to provide her with W2 Forms reporting all wages, tips, and tax withholdings for the previous year.

8

71.     Upon information and belief, Defendant prepared W2 Forms for tax years 2020, 2021, 2022, 2023, and 2024, that contained falsified information regarding whether state and/or federal taxes had been withheld and underreporting her income.

72.     Pursuant to 26 U.S.C.A. §7434, if a person willfully files a fraudulent information return with respect to payments made to any other person, that person may bring a civil action for damages and is entitled to the greater of $5,0000 or the sum of actual damages plus attorneys' fees and costs.

## COUNT IX – VIOLATION OF THE FLSA

73.     Plaintiff reasserts the allegations in paragraphs 1-14 as if fully set forth herein.

74.     At all relevant times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. §203(e)(1) and Defendant was an employer as defined in 29 U.S.C. §203(d).

75.     From March 2020 through May 2022, Plaintiff worked an additional 40-60 hours per week assisting Defendant in applying and managing loans through the Paycheck Protection Programs (the "PPP Loans").

76.     Defendant promised Plaintiff that she would be paid "overtime" by way of a bonus for this work, yet Defendant has failed to do so.

77.     As such, Defendant is in violation of the FLSA and Plaintiff is owed compensatory damages, liquidated damages, pre and post judgment interest, and reasonable attorney's fees.

## COUNT IX –  VIOLATION OF THE IWPCA

78.     Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth herein.

79.     At all relevant times, Defendant was Plaintiff's employer as defined by the IWPCA. 820 ILCS 115/2.

9

80. From March 2020 through May 2022, Plaintiff worked an additional 40-60 hours per week assisting Defendant in applying and managing loans through the Paycheck Protection Programs (the "PPP Loans").

81. Defendant promised Plaintiff that she would be paid "overtime" by way of a bonus for this work yet has failed to do so.

82. As such, Defendant is in violation of the IWPCA and Plaintiff is owed compensatory damages, liquidated damages, pre and post judgment interest, and reasonable attorney's' fees.

## COUNT X – FAILURE TO REIMBURSE BUSINESS EXPENSES IN VIOLATION OF THE IWPCA

83. Plaintiff reasserts the allegations in paragraphs 1-15 as if fully set forth herein.

84. Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a).

85. At all relevant times, Defendant was Plaintiff's employer was defined by the IWPCA.

86. While employed by Defendant, Plaintiff incurred expenses – including internet expenses – while she was applying for the PPP Loans on behalf of Defendant.

87. Despite repeated demand, Defendant has failed to reimburse Plaintiff for all reasonably incurred business expenses.

**WHEREFORE**, Plaintiff, Marlene "Molly" Lamphier, requests that this court enter a judgment in her favor and against Defendant Bank Of America, N.A., and that Plaintiff be awarded the following relief: (a) backpay and any negative tax consequences resulting from a

lump sum payment; (b) front pay; (c) pecuniary and non-pecuniary compensatory damages; (d) punitive damages; (e) reasonable attorney's fees and costs of suit; and (f) any other and further relief as this Court deems just.

Dated: April 8, 2026

Respectfully submitted,

MARLENE LAMPHIER
Plaintiff.

By:    */s/ Brianna L. Golan*
      One of her attorneys

Brianna L. Golan, Esq. (#6299871)
GOLAN CHRISTIE TAGLIA LLP
70 W. Madison St., Ste. 1500
Chicago, Illinois 60602
blgolan@gct.law
(312) 263-2300

11